Anatoli **CHIPILO**, Irina Pirogova, Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

Nos. 03–40724–ag (L); 03–40725–ag (con); 05–6867–ag (con); 06–0894–ag (con).

United States Court of Appeals, Second Circuit.

Aug. 7, 2007.

Michael P. DiRaimondo, Melville, NY, for Petitioners.

Troy A. Eid, United States Attorney, District of Colorado, Lisa A. Christian, Assistant United States Attorney, Denver, CO, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Anatoli Chipilo, a citizen of Belarus, and Irina Pirogova, a citizen of Ukraine, seek review of the following orders of the BIA: (1) the February 17, 2006 denial of Pirogova's motion to reconsider, *In re Irina Pirogova,* No. A73 176 179 (B.I.A. Feb. 17, 2006); (2) the December 16, 2005 order affirming the March 21, 2002 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Pirogova's application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"), *In re Irina Pirogova,* No. A73 176 179 (B.I.A. Dec. 16, 2005), *aff'g* Nos. A73 176 179/70 580 658 (Immig. Ct. N.Y. City Mar. 21, 2002); and (3) the September 15, 2003 order affirming the March 21, 2002 decision of IJ DeFonzo denying Chipilo's applications for adjustment of status, asylum, withholding of removal, and CAT relief, *In re Anatoli Chipilo,* No. A70 580 658 (B.I.A. Sept. 15, 2003), *aff'g* Nos. A73 176 179/70 580 658 (Immig. Ct. N.Y. City Mar. 21, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA, in adopting and affirming the IJ's decision, modifies and supplements the IJ's reasoning, we review the IJ's decision as modified and supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Xue Hong Yang v. U.S. Dep't of Justice,*

426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As an initial matter, because Petitioners' brief challenged neither the BIA's denial of Pirogova's motion to reconsider, nor its denial of Chipilo's application for adjustment of status, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

## I. CHIPILO

▮▮▮ Regarding Chipilo's asylum claim, substantial evidence supports the agency's adverse credibility determination. The "cumulative impact" of the multiple omissions and discrepancies in Chipilo's testimony and written statements—as well as the presence of a fraudulent psychiatric certificate—provided sufficient bases on which the agency could conclude that Chipilo was not credible. *See Liang Chen v. U.S. Atty. Gen.,* 454 F.3d 103, 107 (2d Cir.2006); *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007). Although Chipilo offered explanations for these omissions and discrepancies, his explanations would not compel any reasonable fact-finder to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). No error argued by Chipilo would (if found) induce us to disturb the agency's determination, as it can be confidently predicted that the agency would reach the same conclusion on remand. *See Tu Lin v. Gonzales,* 446 F.3d 395, 401–03 (2d Cir.2006); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336–340 (2d Cir.2006).

▮▮▮ Because Chipilo failed to establish past persecution due to his incredible testimony, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because Chipilo was properly found not credible, he has failed to show a subjective basis for a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Moreover, because the only evidence of a threat to Chipilo's life or freedom depended upon his credibility, the adverse credibility determination in his asylum case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). The adverse credibility determination also undermines Chipilo's CAT claim to the extent that it rests on the same factual basis that supported his asylum claim. *See Xue Hong Yang,* 426 F.3d at 523.

▮▮▮ Regarding Chipilo's CAT claim based on outstanding warrants for his arrest, substantial evidence supports the agency's decision to deny relief. In *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005), we held that without particularized evidence, an applicant cannot demonstrate that he or she is more likely than not to be tortured "based solely on the fact that [he or she] is part of the large class of persons" who may be subject to criminal sanctions, and on generalized evidence indicating that torture occurs in prisons located in the applicant's country of origin. Chipilo cites the warrants for his arrest as some "additional particularized evidence" regarding the likelihood that he will be subject to criminal prosecution. *Id.* at 160. The warrants suggest that he "will more likely than not be detained upon [his] return to [Belarus] rather than fined or otherwise punished without detention." *Id.* But this evidence is not "material" to Chipilo's CAT claim because it has no bearing on the likelihood that he will be tortured upon his return to Belarus (and Chipilo has made no argument to support such an inference). *Cf. id.* (noting that "imprisonment alone

'does not inherently constitute torture' within the meaning of the CAT" (quoting *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003))). Accordingly, the agency's decision to deny relief will not be disturbed.

## II. PIROGOVA

■ Regarding Pirogova's asylum claim, substantial evidence supports the agency's adverse credibility determination. The "cumulative impact" of the omissions and inconsistencies in Pirogova's testimony and written statements—notably the omission from her asylum application of a beating in May 1986, and an arrest and detention in April 1993—supports the adverse credibility finding. *Liang Chen*, 454 F.3d at 107. Pirogova's explanations for these discrepancies would not compel any reasonable fact-finder to accept them. *See Majidi*, 430 F.3d at 81.

■ The adverse credibility finding precludes Pirogova from demonstrating a subjective basis for a well-founded fear of future persecution. *See Ramsameachire*, 357 F.3d at 183. As the BIA found, her fear of future persecution on account of religion was not objectively reasonable given current conditions in Ukraine. *See id.* at 178. The adverse credibility finding also undermines Pirogova's claims for withholding of deportation and CAT relief because she has offered no factual basis to show a likelihood of persecution or torture apart from her asylum claim. *See Paul*, 444 F.3d at 156–57; *Xue Hong Yang*, 426 F.3d at 523.

■ Finally, there is no evidence to support Pirogova's arguments that she was denied due process. Our examination of the record leads us to conclude that she was properly afforded a full and fair hearing on the merits, with a meaningful opportunity to be heard. *See Li Hua Lin v. U.S. Dept. of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006).

## III. CONCLUSION

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).